UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**IN ADMIRALTY**

| | |
|---|---|
| AQUARIUS AQUA USA, INC., a Delaware corporation,<br><br>Plaintiff,<br>v.<br><br>M/Y VOGUE/JIMBO, a Sunseeker 64", its engines, equipment, boats, tackle, apparel, furniture, art, appurtenances, cables, etc., *in rem*, & PETHŐ AXEL, an individual; AUGUSTUS J. STERGIOS, an individual; MARINE CONSULTING INC., a New York corporation; MARINE CUSTOM HARDWARE INC., a Florida corporation; MARINE CONSULTING FLOOR PLAN HOLDING LLC, a Florida limited liability company; RICK OBEY, an individual; and SPECIALIZED NAUTICAL SERVICES, INC., a Florida corporation, *in personam*,<br><br>Defendants.<br>_____/ | CASE NO. _____ |

## VERIFIED COMPLAINT

Plaintiff, AQUARIUS AQUA USA, INC., by and through its undersigned counsel, hereby files the instant Complaint *in rem* against M/Y VOGUE/JIMBO, a Sunseeker 64", its engines, equipment, boats, tackle, apparel, furniture, art, appurtenances, cables, etc., and *in personam* against PETHŐ AXEL; AUGUSTUS J. STERGIOS; MARINE CONSULTING INC.; MARINE CUSTOM HARDWARE INC.; MARINE CONSULTING FLOOR PLAN HOLDING LLC; RICK OBEY; and SPECIALIZED NAUTICAL SERVICES, INC. and respectfully avers as follows:

36994427.3.doc

**I.     JURISDICTION & VENUE**

1. This is an action for quiet title, unjust enrichment, and conversion in admiralty under Rule (9)h of the Federal Rules of Civil Procedure. As such, jurisdiction is vested in this Court by 28 U.S.C. § 1333.

2. The incidents described herein took place in the United States. VOGUE/JIMBO is currently located within this district. Venue is proper in the United States District Court for the Southern District of Florida.

**II.    PARTIES**

3. Plaintiff AQUARIUS AQUA USA, INC., is a Delaware corporation, and at all times material hereto, the true owner of the motor yacht VOGUE/JIMBO, defined infra.

4. The motor yacht is a 64 foot, 4 inch vessel of "Sunseeker" brand, and "Predator" model, with hull number XSK04209E808, built in 2008 and registered in Delaware under Registration number DL 7679 AB. The motor yacht vessel was originally named "Vogue," but was re-named "Jimbo," and is referred to herein as "M/Y VOGUE/JIMBO."

5. Upon information and belief, *in personam* defendant PETHŐ AXEL is an individual residing in Miami-Dade County, Florida and is otherwise *sui juris*.

6. Upon information and belief, *in personam* defendant AUGUSTUS J. STERGIOS is an individual residing in Rhode Island and is otherwise *sui juris*.

7. Upon information and belief, *in personam* defendant MARINE CONSULTING INC. is a New York corporation, registered in Florida as a foreign profit corporation, with its principal place of business in Fort Lauderdale, Florida.

8. Upon information and belief, *in personam* defendant MARINE CUSTOM HARDWARE INC. is a Florida corporation, with its principal place of business in Boca Raton, Florida.

9. Upon information and belief, *in personam* defendant MARINE CONSULTING FLOOR PLAN HOLDING LLC. is a Florida limited liability company, with its principal place of business in Salem, Massachusetts.

10. Upon information and belief, *in personam* defendant RICK OBEY is an individual residing in Boca Raton, Florida and is otherwise *sui juris*. RICK OBEY is an owner of the fictitious name "RICK OBEY YACHT SALES." RICK OBEY is only named as a defendant in this action as, upon information and belief, RICK OBEY YACHT SALES has possession of M/Y VOGUE/JIMBO.

11. Upon information and belief, *in personam* defendant SPECIALIZED NAUTICAL SERVICES, INC. is a Florida corporation with its principal place of business in Boca Raton, Florida. SPECIALIZED NAUTICAL SERVICES, INC. is an owner of the fictitious name "RICK OBEY YACHT SALES." SPECIALIZED NAUTICAL SERVICES, INC. is only named as a defendant in this action as, upon information and belief, RICK OBEY YACHT SALES has possession of M/Y VOGUE/JIMBO.

12. M/Y VOGUE/JIMBO is <u>presently located in navigable waters within this district; more specifically, it is berthed with RICK OBEY YACHT SALES at 2515 Marina Bay Drive West in Fort Lauderdale, Florida</u>.

**III.   FACTS**

13. On October 20, 2015, Plaintiff purchased M/Y VOGUE/JIMBO from Aqua Plava do.o., a Croatian company. The Bill of Sale is attached hereto as <u>Exhibit A</u>.

14. Plaintiff then paid to have M/Y VOGUE/JIMBO transported to the United States using Sevenstar Yacht Transport B.V., a Netherlands company. The receipt for the transportation of M/Y VOGUE/JIMBO is attached hereto as <u>Exhibit B</u>.

15. Once M/Y VOGUE/JIMBO was in the United States, Plaintiff registered M/Y VOGUE/JIMBO with the State of Delaware. The Delaware registration number is DL 7679 AB. A letter confirming M/Y VOGUE/JIMBO registration is attached hereto as Exhibit C.

16. M/Y VOGUE/JIMBO is currently still registered in Delaware under this registration number.

17. Plaintiff contracted with PETHŐ AXEL, who was to care for, maintain, and set up chartering for M/Y VOGUE/JIMBO during the long periods of time when Plaintiff was not using the vessel.

18. It recently came to the Plaintiff's attention that M/Y VOGUE/JIMBO is currently being advertised for sale by RICK OBEY YACHT SALES, operating out of Fort Lauderdale. A copy of the broker's listing is attached hereto as Exhibit D.

19. Upon investigation, Plaintiff discovered that M/Y VOGUE/JIMBO was fraudulently mortgaged and sold.

20. M/Y VOGUE/JIMBO was apparently registered with the U.S. Coast Guard, by someone other than Plaintiff and without Plaintiff's authorization. The U.S. Coast Guard Abstract of Title dated May 8, 2020 is attached hereto as Exhibit E.

21. The U.S. Coast Guard records indicate that a sale took place of M/Y VOGUE/JIMBO from Plaintiff to AUGUSTUS J. STERGIOS, with a bill of sale dated February 8, 2017. Ex. E.

22. Plaintiff did not know about or authorize the sale of M/Y VOGUE/JIMBO, nor did Plaintiff did sign any document(s) authorizing the sale or mortgage.

23. The U.S. Coast Guard records evidence a mortgage was placed on M/Y VOGUE/JIMBO in the amount of $349,999.000 by AUGUSTUS J. STERGIOS, which mortgage was later satisfied. Ex. E.

24. The U.S. Coast Guard records indicate a second sale of M/Y VOGUE/JIMBO took place from AUGUSTUS J STERGIOS to MARINE CONSULTING INC., with a bill of sale dated March 12, 2019.  Ex. E.

25. The U.S. Coast Guard records indicate a third sale of M/Y VOGUE/JIMBO took place from MARINE CONSULTING INC. to MARINE CUSTOM HARDWARE INC. with a bill of sale dated March 4, 2020.  Ex. E.

26. The U.S. Coast Guard records show that the latest purchaser, MARINE CUSTOM HARDWARE INC. mortgaged M/Y VOGUE/JIMBO with MARINE CONSULTING FLOOR PLAN HOLDING LLC, via a mortgage instrument dated March 6, 2020.  Ex. E.

27. Plaintiff was neither aware of, nor authorized, any of the sales, transfers of title or mortgages.

## COUNT I
## QUIET TITLE TO VOGUE/JIMBO
## AS AGAINST ALL DEFENDANTS

28. Plaintiff incorporates the allegations raised in paragraphs 1 through 27 above and further avers as follows:

29. This count is brought as to all Defendants.

30. Plaintiff has established its original ownership of M/Y VOGUE/JIMBO.

31. As Plaintiff purchased M/Y VOGUE/JIMBO and never authorized a sale, mortgage or transfer of its vessel, Plaintiff is the true owner.

32. Plaintiff placed its trust in PETHŐ AXEL to maintain and set up chartering for M/Y VOGUE/JIMBO while Plaintiff's managers were out of the country.

33. Plaintiff had an oral contract with PETHŐ AXEL to charter and maintain M/Y VOGUE/JIMBO in exchange for $200,000.00 USD per year payable to Plaintiff.

34. PETHŐ AXEL took steps in furtherance of this contract by taking possession of M/Y VOGUE/JIMBO and by entering into an agreement with a chartering company to charter M/Y VOGUE/JIMBO.

35. Plaintiff was never paid any funds pursuant to the contract it had with PETHŐ AXEL.

36. However, unbeknownst to Plaintiff, someone forged Plaintiff's authorization and fraudulently conveyed title to M/Y VOGUE/JIMBO to third parties with whom Plaintiff has no relationship, contractual or otherwise.

37. Plaintiff's claim of ownership is superior to claims of other Defendants.

38. As such, title to M/Y VOGUE/JIMBO should be judicially cleared in favor of Plaintiff.

WHEREFORE, Plaintiff, AQUARIUS AQUA USA, INC., the true owner of M/Y VOGUE/JIMBO, prays:

   a. That process be issued according to the rules and practice of this Court in causes of admiralty and maritime jurisdiction against M/Y VOGUE/JIMBO, its engines, equipment, boats, tackle, apparel, furniture, art, appurtenances, cables, etc., in rem;

   b. That M/Y VOGUE/JIMBO, its engines, equipment, boats, tackle, apparel, furniture, art, appurtenances, cables, etc., *in rem*, be arrested by this Court according to the rules and practice of this Court in admiralty and maritime actions;

   c. That all persons having, or claiming to have, any interest therein be cited to appear and answer, under oath, with respect to same; and

   d. That judgment issue in Plaintiff's favor and against all Defendants specifying that title be cleared to M/Y VOGUE/JIMBO, and be placed solely in Plaintiff's name, including the extinguishing of all liens and the confirmation of Plaintiff's sole and exclusive right to possession.

## COUNT II
## BREACH OF CONTRACT
## AS AGAINST PETHŐ AXEL

39. Plaintiff incorporates the allegations raised in paragraphs 1 through 27 above and further avers as follows:

40. The Plaintiff and Defendant PETHŐ AXEL entered into a valid contract.

41. PETHŐ AXEL committed a material breach of the contract by not paying Plaintiff as agreed, and by allowing the title to M/Y VOGUE/JIMBO to be fraudulently transferred without Plaintiff's knowledge or consent.

42. Plaintiff suffered damages caused by PETHŐ AXEL's breach because Plaintiff did not receive the funds it was owed under the contract and because M/Y VOGUE/JIMBO is no longer under Plaintiff's possession and control, requiring this lawsuit for quiet title.

WHEREFORE, Plaintiff, AQUARIUS AQUA USA, INC., seeks entry of a final judgment as against PETHŐ AXEL for breach of contract and all related damages, and any further relief this Court deems just.

## COUNT III
## UNJUST ENRICHMENT
## (IN THE ALTERNATIVE TO COUNT I)
## AS AGAINST PETHŐ AXEL

43. Plaintiff incorporates the allegations raised in paragraphs 1 through 27 above and further avers as follows:

44. This Count III for Unjust enrichment is brought as against PETHŐ AXEL, in the alternative to Count I.

45. Plaintiff conferred a benefit on PETHŐ AXEL by giving him a license to possess and arrange for the charter of M/Y VOGUE/JIMBO, in exchange for $200,000 annually to be paid to Plaintiff from PETHŐ AXEL. While Plaintiff gave possession, PETHŐ AXEL never

paid Plaintiff and now possession and title to M/Y VOGUE/JIMBO has been fraudulently transferred to another.

46. PETHŐ AXEL had knowledge of this benefit, and accepted and/or retained this benefit by taking delivery of M/Y VOGUE/JIMBO.

47. The circumstances are such that it would be inequitable for PETHŐ AXEL to retain the benefit without paying fair market value for it.

WHEREFORE, Plaintiff, AQUARIUS AQUA USA, INC., seeks entry of a final judgment as against PETHŐ AXEL for unjust enrichment and damages relating to PETHŐ AXEL's possession, use, chartering, and sale of M/Y VOGUE/JIMBO, for damages relating to loss of use and any loss in valuation, and any further relief this Court deems just.

**COUNT IV**
**CONVERSION**
**AS AGAINST PETHŐ AXEL**

48. Plaintiff incorporates the allegations raised in paragraphs 1 through 27 above and further avers as follows:

49. Plaintiff owns M/Y VOGUE/JIMBO pursuant to the chain of title described *supra*.

50. PETHŐ AXEL intentionally interfered with Plaintiff's rights of ownership and possession in M/Y VOGUE/JIMBO.

51. PETHŐ AXEL, by either fraudulently transferring possession and ownership, or allowing the transfer of possession and ownership, committed a wrongful act inconsistent with the property rights of the Plaintiff.

52. PETHŐ AXEL's interference deprived the Plaintiff of possession and use of M/Y VOGUE JIMBO.

53. The interference caused damages to Plaintiff.

WHEREFORE, Plaintiff, AQUARIUS AQUA USA, INC., seeks entry of a final judgment as against PETHŐ AXEL for conversion and damages relating to PETHŐ AXEL's unlawful taking of M/Y VOGUE/JIMBO, for damages relating to loss of use and any decrease in valuation, and any further relief this Court deems just.

Dated this 2nd day of June, 2020.

        Respectfully submitted,
        **SAUL EWING ARNSTEIN & LEHR LLP**
        Attorneys for AQUARIUS AQUA USA, INC.
        701 Brickell Avenue, 17th Floor
        Miami, FL  33131
        Main No.:  (305) 428-4500
        Fax:  (305) 374-4744
        Direct No.:  (305) 428-4553
        Service of Pleadings:  mia-ctdocs@saul.com; javier.rodriguez@saul.com; and lourdes.alvarez@saul.com

        By:  /s/ *Javier J. Rodriguez*
              **Javier J. Rodriguez**
              Fla. Bar No. 827347
              Javier.rodriguez@saul.com
              **Abbigail Webb**
              Florida Bar No. 86985
              Abbigail.Webb@saul.com

## VERIFYING DECLARATION

I, Tamas Plutzer, in my capacity as _____Owner_____ of AQUARIUS AQUA USA, INC., hereby verify on solemn affirmation as follows: I have personal knowledge and/or knowledge acquired in the ordinary course of business of the facts alleged herein and said allegations are true to the best of my knowledge, information, and belief.

Dated: _30.05.2020_

_____
(Signature)